**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-04801-RMR

OMAR MAURICIO VILLALOBOS MORA,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

Respondents.

---

Pending before the Court is Petitioner Omar Mauricio Villalobos Mora's ("Petitioner") Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed on September 28, 2026. ECF No. 1. Respondents filed a timely response on October 9, 2026. ECF No. 8. For the reasons stated below, the Petition is DENIED.

## I. BACKGROUND

Petitioner is a native citizen of Costa Rica and entered the United States on March 13, 2013, as an H2B Temporary Worker with authorization to remain in the United States for a temporary period not to exceed December 23, 1013. ECF No. 8 at 1-2. Petitioner remained in the United States, and, on March 24, 2020, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Petitioner as removable under 8 U.S.C. § 1227(a)(1)(B). *Id.* at 2. Petitioner was detained pursuant to 8 U.S.C. § 1226 and later released from immigration custody on bond. *Id.*

On November 3, 2025, Immigration and Customs Enforcement ("ICE") took Petitioner back into custody pending the resolution of his removal proceedings. On March 31, 2026, an Immigration Judge ("IJ") denied Petitioner's request for custody redetermination following a bond hearing under 8 U.S.C. §1226(a). *Id.* And, on June 16, 2026, an IJ ordered Petitioner removed from the United States to Costa Rica. *Id.* Petitioner did not appeal the IJ's removal order and, therefore, the removal order became administratively final on July 17, 2026. *Id.*

On September 27, 2026, ICE transferred Petitioner from the Denver Contract Detention Facility to the Arizona Removal Operations Coordination Center. *Id.* at 2-3. The next day, Petitioner was transferred to the Port Isabel Service Processing Center, and, on October 8, 2026, Petitioner was removed from the United States to Costa Rica pursuant to the final order of removal. *Id.* at 3. Petitioner filed the instant Petition on September 28, 2026, and this Court ordered Respondent not to remove Petitioner from the District of Colorado on October 2, 2026.

## II. LEGAL STANDARD

### A. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also*

*Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.")

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

**B. Post-Removal Detention Under § 1231**

Under 8 U.S.C. § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order—"may be detained beyond the removal period." § 1231(a)(6).

## III. ANALYSIS

Respondent presents two arguments in opposition to the Petition. First, Respondent questions whether this Court has jurisdiction to consider Petitioner's habeas claim. Second, Respondent argues that, if the Court does have jurisdiction, the Petition

should be denied, because Petitioner is subject to a final order of removal. The Court addresses each argument below.

**A. Jurisdiction**

It is undisputed that "[i]n habeas challenges to present physical confinement . . . the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper resident." *Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004). In this case, Petitioner was initially detained in the District of Colorado, and he filed his Petition in the District of Colorado. Respondent argues that this Court may lack jurisdiction to review the Petition, because "it is not clear on the present record that Petitioner was in this District when he filed the Petition." *Id.* at 6. Respondent notes that the filing date of the Petition is September 28, 2026, and Petitioner is reported to have been transferred to Arizona on September 27, 2026.

In its analysis, Respondent suggests that, as a pro se litigant, Petitioner's filing may be subject to the prison mailbox rule. The Supreme Court articulated the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266, 276 (1988), holding that "a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). In *Price*, the Tenth Circuit extended the prison mailbox rule to § 1983 filings. *Id.* at 1164. Respondent reasons that the rule could also apply to the instant *pro se* habeas petition.

Although the Tenth Circuit has not spoken directly on this issue, several Circuit Courts have determined that the prison mailbox rule applies to petitions filed by *pro se*

detainees pending removal. *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) ("[W]e summarily concluded that the prison mailbox rule applied to a pro se detainee's postmarked petition and that we were accordingly vested with jurisdiction."); *Chavarria-Reyes v. Lynch*, 845 F.3d 275, 278 (7th Cir. 2016) ("We join the Second, Fifth, and Ninth Circuits in concluding that aliens detained pending removal can take advantage of Rule 25(a)(2)(C)."). In *Fosu*, the Fifth Circuit acknowledged its precedent that "created diverging paths based on whether a detainee is represented by counsel," particularly when considering the applicability of the prison mailbox rule. 36 F.4th at 637. Without further analysis, the Fifth Circuit definitively concluded that "the prison mailbox rule applies to pro se detainees in immigration proceedings." *Id.* Given this and the Tenth Circuit's extension of the prison mailbox rule in *Price*, the Court finds it reasonable to conclude that the prison mailbox rule applies to Petitioner's case here.

Next, Respondent suggests that, even under the prison mailbox rule, Petitioner filed his Petition after he was already transferred out of the District of Colorado. According to Respondent, the September 23, 2026, date next to Petitioner's signature, ECF No. 1 at 4, and the September 25, 2026, date on the postage of the filing, *id.* at 19, both fail to establish compliance with the prison mailbox rule. ECF No. 8 at 5-6. Respondent notes "the inmate must establish timely use of the regular mail system through a notarized statement or declaration under penalty of perjury setting forth the date of deposit and stating that postage was prepaid." *Id.* at 5. Indeed, "the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Price*, 420 F.3d at 1165.

In this case, it is true that Petitioner has not met his burden of proof. However, this is primarily due to his swift removal from the country. In cases where timeliness of *pro se* filings is at issue, courts have ordered supplemental briefing on the topic. *See Barrientos v. Lynch*, 829 F.3d 1064, 1066 (9th Cir. 2016) ("Because we lack jurisdiction over an untimely petition, we raised this issue *sua sponte* and ordered supplemental briefing from the parties."). Such an order would be futile here as Respondent has removed Petitioner from the jurisdiction and acknowledges that Petitioner likely has not even received notice of the Response to the Petition or Orders of the Court. *See* ECF No. 8 at 13 n.7 (noting Respondent served Petitioner at the last known address because, "Petitioner did not update his address" following his removal to Costa Rica). Whether intentional or not, the Government deprived Petitioner of his opportunity to respond and satisfy his burden on the issue of the date of deposit of the Petition. Respondent concedes the Court cannot be deprived of jurisdiction by removing the Petitioner from the jurisdiction. *Id.* at 7-8 ("The Tenth Circuit recognizes that habeas jurisdiction, once properly established at filing, is not defeated by the Government's subsequent transfer of a petitioner to another district."). Indeed, the Tenth Circuit has stated "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *see also Pinson v. Berkebile*, 604 F. App'x 649, 653-54 (10th Cir. 2015) (stating "the District of Colorado acquired jurisdiction when Pinson filed his habeas petition while incarcerated at ADX Florence. Pinson's transfer does not defeat that initial jurisdiction."). Clearly, Petitioner must have submitted his petition for

filing in Colorado prior to his transfer to Arizona on September 27, 2026, given the Government acknowledges the signature on the Petition and the postmark on the Petition predate his transfer out of the jurisdiction. Considering the specific circumstances of this case, this Court retains jurisdiction in this matter despite Petitioner's removal from the jurisdiction

**B. Final Order of Removal**

Next, the Court addresses Respondent's second argument: whether the removal was proper. It is undisputed that Petitioner is subject to a final order of removal. *See* ECF No. 1 at 5; ECF No. 8 at 9. The Supreme Court has clarified that "vacatur of [a] removal order" is "relief [that] falls outside the scope of the common-law habeas writ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020). In *Thuraissigiam*, the Supreme Court explained that the "respondent does not want simple release but, ultimately, the opportunity to remain lawfully in the United States." *Id.* "[T]he relief requested falls outside the scope of the writ as it was understood when the Constitution was adopted." *Id.* at 119-20.

Thus, "a district court's habeas jurisdiction is strictly confined to review of immigration detention, not removal." *Garcia v. Baltazar*, No. 26-CV-03936-NYW, 2026 WL 2529669, at *2 (D. Colo. Aug. 27, 2026). In *Garcia*, Judge Wang explained that "[s]everal provisions of the Immigration and Nationality Act, as amended, strip district courts of jurisdiction to review a noncitizen's removal and concentrate removal-related review in the Court of Appeals." *Id.* First, "8 U.S.C. § 1251(a)(5) provides that a petition for review filed with an appropriate court of appeals in accordance with this section shall

be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." *Id.* (quoting 8 U.S.C. § 1251(a)(5)). Second, "8 U.S.C. 1251(b)(9) instructs that no court has jurisdiction to review any question of law or fact arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter, except through a petition for review." *Id.* (quoting 8 U.S.C. § 1252(b)(9)). And third, "under 8 U.S.C. § 1252(g), no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.* (quoting 8 U.S.C. § 1252(g)). In short, these provisions prevent this Court from hearing any substantive challenge to Petitioner's removal, as opposed to his detention.

In this case, Petitioner's order of removal became final on July 17, 2026. Under 8 U.S.C. § 1231, Petitioner was subject to mandatory detention for a removal period of 90 days from July 17, 2026 until October 15, 2026. 8 U.S.C. § 1231(a)(1) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')); § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.). Therefore, when Petitioner drafted and filed his Petition, he was subject to mandatory detention under § 1231. During his removal period, on October 8, 2026, Petitioner was removed from the United States to Costa Rica. Under the Immigration and Nationality Act, this Court does not have jurisdiction to review Petitioner's removal. Therefore, the Petition is DENIED.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DENIED without prejudice.**

DATED: October 21, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court